UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MARTIN LAND, | ) | Civil Action No.: 4:07-cv-00369-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WAL-MART STORES EAST, L.P., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the court is Defendant's [Docket Entry #98] renewed motion for judgment as a matter of law, a new trial, or to alter or amend the judgment. Defendant argues that the jury did not have a legally sufficient evidentiary basis to find for the Plaintiff on his breach of contract cause of action and that the verdict was contrary to the clear weight of the evidence.

**Background**

This case was tried before a jury in the United States District Court for the District of South Carolina on May 19 and 20, 2008. Plaintiff alleged a cause of action for breach of contract against Defendant Wal-Mart Stores East, L.P. ("Wal-Mart") claiming that Wal-Mart breached a contract to pay Plaintiff an incentive bonus after Plaintiff was terminated for violating South Carolina's Blue Laws, S.C. Code Ann. §§ 53-1-5, et seq., which prohibit the sale of certain items on Sunday before 1:30 p.m. Wal-Mart defended claiming that: 1) it was not required to pay Plaintiff an incentive bonus because Plaintiff was terminated for Gross Misconduct Integrity; and 2) there was no contractual obligation for Wal-Mart to pay Plaintiff an incentive bonus under the circumstances of this case.

Although the parties disputed whether Wal-Mart was obligated to pay Plaintiff a bonus under Wal-Mart's Field Management Incentive Plan, the parties agreed that the amount of the bonus at issue was Seventy-seven thousand, four-hundred five ($77,405.34) dollars and thirty-four cents. [Transcript, p. 172-73, Docket Entry #99].

The case went to the jury with two, factually distinct, possible theories of recovery for the Plaintiff. Under one theory, Plaintiff could recover the incentive bonus if the jury determined that his conduct did not rise to the level of Gross Misconduct Integrity. Under the second, or alternative, theory, Plaintiff argued that certain Wal-Mart documents provided that Plaintiff could receive the incentive bonus regardless of the reason for termination. Specifically, Plaintiff argued that a conflict existed between the Field Management Incentive Plan, which stated that an employee would not be entitled to any incentive bonus pay if that employee was terminated for Gross Misconduct Integrity, and a document referred to at trial as the "Online Compensation Letter," which stated that if Plaintiff was terminated for any reason he would only receive the incentive bonus pay through the end of the month in which he was terminated. Plaintiff argued that the existence of this conflict between the Plan and the Online Compensation Letter created a jury question as to what the parties intended with regard to entitlement to incentive bonus pay.

For historical reference, in this Court's Order granting in part and denying in part Wal-Mart's motion for summary judgment, the court found a genuine issue of material fact as to what the parties intended with regard to entitlement to incentive bonus pay under the Plan and whether Plaintiff was entitled to incentive bonus pay for past work performed regardless of the reason for his termination. *Land v. Wal-Mart Stores East, L.P.*, No. 4:07-cv-369-RBH, 2008

WL 1766723, at *6 (D.S.C. April 15, 2008). The court also found a genuine issue of material fact as to whether Plaintiff's conduct, which resulted in his termination from Wal-Mart, rose to the level of Gross Misconduct Integrity. *Land*, 2008 WL 1766723, at *7. This court stated "[a] reasonable juror may conclude that Land's conduct, while sufficient to warrant termination, did not rise to the level of Gross Misconduct Integrity." *Id*.

Likewise, the court denied Wal-Mart's motion for judgment as a matter of law at the close of the Plaintiff's case and at the close of all of the evidence. [Transcript, at pg. 75, 131 Docket Entry #99]. The court found that Plaintiff's testimony, along with all of the documents in evidence, established a legally sufficient evidentiary basis for the case to go forward. *Id*. at 75. In denying Wal-Mart's motion, the court noted that "even if you didn't have the Online Compensation Letter, you'd still have the issue of whether [Plaintiff's] conduct rose to the level of Gross Misconduct Integrity." *Id*.

On May 20, 2008, the jury returned a verdict in favor of the Plaintiff on his claim for breach of the contract and awarded Plaintiff $77,405.34. Wal-Mart timely filed a renewed motion for judgment as a matter of law, motion to alter or amend the judgment, and a motion for a new trial on May 30, 2008.

### Standard of Review

<u>Motion for Judgment as a Matter of Law (Rule 50(b))</u>

"A [district] court may only grant a motion for judgment as a matter of law if, viewing the evidence in the light most favorable to the non-moving party and drawing every legitimate inference in that party's favor, the court determines that the only conclusion a reasonable trier of fact could draw from the evidence is in favor of the moving party." *Tools USA v. Champ*

3

*Frame Straightening Equip.*, 87 F.3d 654, 656-57 (4th Cir. 1996). If reasonable minds could

differ about the result in the case, the jury's verdict must stand. *Bryant v. Aiken Reg'l Med.*

*Centers, Inc.*, 333 F.3d 536, 543 (4th Cir. 2003).

Motion for New Trial (Rule 59(a))

A motion for a new trial should be granted and the verdict set aside if: 1) the verdict is

against the clear weight of the evidence; or 3) is based upon evidence which is false; or 3)

will result in a miscarriage of justice, even though there may be substantial evidence which

would prevent the direction of a verdict. *Atlas Food Sys. v. Crane Nat'l Vendors*, 99 F.3d 587,

594 (4th Cir. 1996).

Motion to Alter of Amend (Rule 59(e))

A motion under 59(e) should be granted for only three reasons: (1) to accommodate an

intervening change in controlling law; 2) to account for new evidence not available at trial; or

3) to correct a clear error of law or prevent manifest injustice. *Zinkand v. Brown*, 478 F.3d

634, 637 (4th Cir. 2007). Rule 59(e) motions "may not be used to make arguments that *could*

*have been made before the judgment was entered.*" *Hill v. Braxton*, 277 F.3d 701, 708 (4th

Cir. 2002) (emphasis added); *Guitierrez v. Ashcroft*, 289 F. Supp. 2d 555 (D.N.J. 2003). Nor

are they opportunities to rehash issues already ruled upon because a litigant is displeased with

the result. *See Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001).

## **Discussion**

Wal-Mart argues that the jury did not have a legally sufficient evidentiary basis to find

for the Plaintiff and that the verdict was contrary to the clear weight of evidence. First, Wal-

Mart contends that the issue of whether Plaintiff's conduct rose to the level of Gross

4

Misconduct Integrity should never have been submitted to the jury because the only matter at issue was whether the Online Compensation Letter superseded the Field Management Incentive Plan.  Second, Wal-Mart argues that as a result of the plain language of the Online Compensation Letter and Plaintiff's testimony at trial regarding his understanding of the terms of the Plan and Online Compensation Letter, there was no contractual ambiguity or jury issue as to what the parties intended with regard to entitlement to incentive bonus pay.  Additionally, Wal-Mart argues that: 1) Plaintiff failed to offer any evidence to establish a meeting of the minds between the Plaintiff and Wal-Mart concerning the material terms of the contract; 2) Plaintiff offered no evidence of Wal-Mart's intent as to the terms of the contract; 3) Plaintiff's construction of the contract rendered the provisions unusual or extraordinary; and 4) in determining whether Wal-Mart breached any contract with Plaintiff, the jury failed to consider the purpose that each party had in view at the time the contract was made.

Despite Wal-Mart's arguments, Wal-Mart has failed to set forth a sufficient basis to disturb the jury's verdict under Rule 50(b), Rule 59(a), or Rule 59(e).  It is clear that, based on the evidence at trial, reasonable minds could differ as to: 1) the intent of the parties concerning Plaintiff's entitlement to incentive bonus pay; and 2) whether Plaintiff's conduct rose to the level of Gross Misconduct Integrity.

Wal-Mart essentially argues that the court erred when it found that the contract documents were ambiguous and submitted the issue of the parties' intent to the jury.

> A contract is ambiguous when it is capable of more than one meaning or when its meaning is unclear. . . Whether a contract's language is ambiguous is a question of law.  A contract is ambiguous when the terms of the contract are inconsistent on their face, or are reasonably susceptible of more than one interpretation.  A contract is ambiguous when it is capable of more than one meaning when viewed objectively by a

> reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business. Once the court decides that the language is ambiguous, evidence may be admitted to show the intent of the parties. The determination of the parties' intent is then a question of fact for the jury.

*Ward v. West Oil Co., Inc.*, __ S.E.2d __, 2008 WL 2019123, at *4-5 (S.C. Ct. App. May 12, 2008) (internal citations omitted).

In this case, there is no question that the contract documents are inconsistent on their face. As noted above, the Field Management Incentive Plan contains provisions that disqualify an employee from receiving incentive bonus pay if that employee is terminated for Gross Misconduct Integrity. In other words, if an employee is terminated for Gross Misconduct Integrity, that employee forfeits the bonus that he earned during the particular plan year. In contrast, the Online Compensation Letter contains a provision which states that if an employee is terminated <u>for any reason</u>, that employee would only receive the incentive bonus pay through the end of the month in which he was terminated. Wal-Mart, which drafted both documents in question, has argued throughout this litigation that the Plan and the Online Compensation Letter should be read in conjunction with one another. Wal-Mart's attempt, however, to disavow the clear inconsistency between these two documents is unpersuasive to this court.

With regard to the sufficiency of the evidence of the parties' intent, Plaintiff testified as to his understanding of the terms of the Plan and the Online Compensation Letter. [Transcript, at pg. 28-32, Docket Entry #99]. Plaintiff testified, consistent with the terms of the Online Compensation Letter, that his understanding was that if he was terminated for <u>any</u> reason, his bonus would be paid through the end of the month in which he was terminated. *Id.* at 31.

6

Although self-serving, Plaintiff's belief that his bonus would be paid regardless of the reason for his termination was reasonable in light of the conflict between the Online Compensation Letter and the Plan. Wal-Mart's equally self-serving interpretation, consistent with the terms of the Plan, was also reasonable.

However, where reasonable minds differ as to the result in a particular case, the jury's verdict must stand. *See Bryant*, 333 F.3d at 543. Viewing the evidence in the light most favorable to the Plaintiff, the jury had sufficient evidence to conclude that the intent of the parties was to pay Plaintiff an incentive bonus regardless of the reason for his termination.

Aside from the issue of whether the contract was ambiguous and whether the issue of the parties' intent should have been submitted to the jury, there was certainly sufficient evidence to submit the issue of whether Plaintiff's conduct rose to the level of Gross Misconduct Integrity to the jury.[1] Plaintiff testified that he did not think his termination was a Gross Misconduct Termination. [Transcript, at pg. 27, Docket Entry #99]. Plaintiff testified that in the northern part of the country, where he lived before moving to South Carolina, there were no Blue Laws. *Id*. at 25. Plaintiff further testified as to the relaxed nature of the Blue Laws in Horry County. *Id*. Plaintiff simply did not believe that purchasing items on Sunday before 1:30 p.m. constituted Gross Misconduct Integrity. Apparently, the jury agreed with him. As this court held in its Order denying summary judgment, a reasonable juror could conclude that Plaintiff's conduct, while sufficient to warrant termination, was not sufficiently egregious

---

[1] The court is a little perplexed as to why Plaintiff's counsel made the statement in her response that "whether or not Plaintiff's conduct rose to the level of gross misconduct was minor or irrelevant," when it was argued as an additional ground for recovery both at the summary judgment stage and the judgment as a matter of law stage, and the issue was not minor or irrelevant in the court's view. The court can only assume counsel's focus was on the other ground since that appeared to be the primary focus of Wal-Mart's motion.

to be classified as Gross Misconduct Integrity and serve as the basis for the forfeiture of $77,405.34. The jury could have reasonably concluded that Wal-Mart's labeling of Plaintiff's conduct as Gross Misconduct Integrity was a mere pretext calculated to absolve Wal-Mart of its obligation to pay a bonus that was rightfully due to the Plaintiff for the past work performed.

In conclusion, Wal-Mart's renewed motion for judgment as a matter of law is due to be denied. Similarly, Wal-Mart has failed to set forth a sufficient basis to obtain relief under Rule 59(a) or (e).

### **Conclusion**

For the reasons stated above, Wal-Mart's [Docket Entry #98] renewed motion for judgment as a matter of law, a new trial, or to alter or amend the judgment is **DENIED**.

**IT IS SO ORDERED**.


Florence, SC                                    s/ R. Bryan Harwell
August 4, 2008                                  R. Bryan Harwell
                                                United States District Judge